IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BOWER, | : | CIVIL ACTION NO. **3:CV-04-1256** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| LOUISVILLE LADDER GROUP, INC., et al., | : | |
| Defendants | : | |

## **MEMORANDUM AND ORDER**

**I. Background.**

On June 9, 2004, this product liability action was removed from the Luzerne County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441. At the time of removal, Plaintiff was represented by counsel. (Doc. 1).

After the filing of an Answer to the Complaint on July 6, 2004 (Doc. 5), a joint case management conference was conducted, a scheduling order was issued (Doc. 11), and the matter proceeded through discovery.[1]

On November 10, 2005, counsel for Plaintiff filed a Motion for Leave to Withdraw as Counsel, citing irreconcilable differences between Plaintiff and his counsel. (Doc. 22).  On November 15, 2005, counsel's Motion was granted. The previously established case management deadlines were placed in abeyance, and Plaintiff was afforded thirty (30) days

---

[1]The parties consented to proceed before the undersigned for all pretrial and trial matters pursuant to 28 U.S.C. § 636(c). (Docs. 3 and 4).

from the date of the November 15, 2005 Order to retain new counsel to represent him in this matter. (Doc. 24). Said Order further stated that, upon the entry of appearance of Plaintiff's new counsel, or upon expiration of the thirty (30) day period, the Court would schedule a case management conference at which new case management deadlines would be established.

Plaintiff did not secure substitute counsel within the thirty-day period mandated by the November 15, 2005 Order.

By Order of January 11, 2006, the Court scheduled telephonic status conference for February 13, 2006, since no activity was occurring on this case. Said Order directed the Plaintiff to contact the Court prior to the date of the conference to advise of the telephone number at which he could be reached for the conference. (Doc. 25). Plaintiff failed to contact the Court to provide his telephone number for the conference call, and the conference was not conducted. (*See* Doc. 26).

We find that the delay in this case from December 15, 2005 through February 13, 2006 was directly caused by Plaintiff's dilatory conduct and failure to abide by the Court's Orders.

On March 1, 2006, Defendants filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 41(b) **(Doc. 27)**, together with a Brief in support thereof. (Doc. 28). Defendants assert that Plaintiff has failed to prosecute his action and has failed to abide by the Court's Orders, which has caused them prejudice. When Plaintiff failed to timely respond to said Motion, the Court entered an Order on March 29, 2006, which directed Plaintiff to file his brief in opposition to Defendants' Motion on or by April 14, 2006. Said Order further stated that

Plaintiff's failure to timely file his opposition brief may result in the issuance of an Order dismissing his action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  (Doc. 29).

On April 3, 2006, the Plaintiff sent the Court a letter, docketed on April 6, 2006, stating that he has been unable to retain new counsel and that, as a disabled single father of three, he lacks the money to hire an attorney, despite his oral representations to the Court that his prior counsel had accepted his case on a contingent basis. (Doc. 30).  Plaintiff requested any help the Court could give him to pursue his case, which he thought was "legitimate."  Plaintiff's letter was docketed as a Request for Appointment of Counsel.  The Court then scheduled an April 24, 2006 conference in order to address Plaintiff's April 6, 2006 letter. (Doc. 31).

At the April 24, 2006 conference, the Court gave Plaintiff yet another extension of time, until June 5, 2006, to secure new counsel.  The Court directed that, if Plaintiff did not obtain new counsel, his case would proceed with him acting *pro se*. (Doc. 32).[2]  During the April 24, 2006 conference, Plaintiff indicated that his original counsel had accepted his case on a contingency basis and that, while his counsel had expended considerable sums of money to present his case, his counsel concluded that the further costs of pursuing his case was not economically feasible in light of the likely recovery amount.

Also, at the April 24, 2006 conference, the Court scheduled a follow-up conference for June 5, 2006. (Docs. 32 and 33).  On June 5, 2006, the Court conducted another telephonic conference.  The Court wanted an update on Plaintiff's case as well as his attempt to obtain

---

[2] We deemed our April 24, 2006 conference and Order as disposing of Plaintiff's April 3, 2006 letter request. (Doc. 36, p. 2).

3

counsel.  Plaintiff indicated that he was still unable to retain counsel.  The Court afforded Plaintiff one last opportunity to seek counsel.  During the June 5, 2006 conference, a third conference was scheduled for July 6, 2006 at 10:00 a.m. (Docs. 34 and 35).  The purpose of the July 6, 2006 telephonic conference was, once again, to determine if Plaintiff was able to retain counsel and move forward with his case, which had largely been held in abeyance since November 2005.[3]  Plaintiff was to have been available on July 6, 2006, at 10:00 a.m. for the phone conference, which was to have been initiated by the Court.  The Court initiated the conference call.  Plaintiff, without explanation, was not available for the conference call.  Defense counsel was available and ready to proceed with the conference call.  Plaintiff did not contact the Court or file any document explaining his failure to participate in the Court-ordered conference.[4]   The Court issued an Order on July 17, 2006, affording Plaintiff a final opportunity to file his brief in opposition to the Defendants' Motion to Dismiss.  The Order directed Plaintiff to file his brief within ten (10) days of the date thereof, and informed Plaintiff that his failure to timely file his brief would be deemed as his non-opposition to the Defendants' Motion pursuant

---

[3]Previously, the Court conducted telephonic conferences in this case on April 24, 2006 and June 5, 2006 to allow Plaintiff the opportunity to seek new counsel. (Docs. 31 - 34).  Plaintiff participated in both conferences.  The Court advised Plaintiff that if he failed to obtain counsel, his case would proceed with him acting *pro se*, and he would be obligated to respond to Defendants' Motion to Dismiss.  To date, Plaintiff has neither obtained new counsel nor filed his opposition brief to Defendants' Motion to Dismiss.
    The Court also scheduled a telephonic conference for February 13, 2006; however, as stated, the conference could not be conducted since Plaintiff failed to apprise the Court of his telephone number, in direct violation of the Court's Order. (Docs. 25 and 26).

[4]To date, the Plaintiff has not contacted the Court either to explain his failure to participate in the July 6, 2006 Court-ordered conference or to indicate his desire to pursue this case.

to Local Rule 7.6, M.D. Pa., and as his failure to prosecute his action and to comply with the Court's Orders. The Court indicated that the failure of Plaintiff to respond to Defendants' Motion would subject the case to dismissal pursuant to Fed.R.Civ.P. 41(b). (Doc. 36).

## II. Legal Standard.

As the Court stated in *Smith v. Altegra Credit Co.*, 2004 WL 2399773, * 3 (E.D. Pa.),

> Two sources of authority grant this Court authority to impose, *sua sponte*, a sanction of dismissal with prejudice in this case. First, the Supreme Court held in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (per curiam), that district courts have the inherent power to dismiss a case for failure to prosecute a claim. "The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30.
>
> The *Smith* Court further stated:
>
> Second, this Court is authorized by Federal Rule of Civil Procedure 16(f) to impose sanctions for a party's failure to comply with a court's pretrial conference scheduling order. Rule 16(f) states, in pertinent part:
>
>> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . upon motion or the judge's own initiative, [the court] may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).
>
> Fed.R.Civ. P. 16(f). One of the sanctions permitted under Rule 37(b)(2) is dismissal of a case with prejudice. Fed.R.Civ.P. 37(b)(2)(C); *see also Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.),* 132 F.3d 152, 154 n. 2 (3d Cir. 1997) ("Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders.").

*Id* at * 4.

The *Smith* Court then stated that:

> When considering whether it is appropriate to dismiss a case, either as part of the Court's inherent power to dismiss for failure to prosecute or as a Rule 16(f) sanction, a court must consider the factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). *Mindek*, 964 F.2d at 1373. The *Poulis* factors are: "(1) the extent of the party's personal responsibility [for the rule violation(s)]; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness [by the party]; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868 (emphases omitted). The *Poulis* standard is not a "mechanical calculation" for deciding whether or not to dismiss a plaintiff's complaint, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Rather, the decision whether or not to dismiss a claim under *Poulis* is a balancing test, *United States v. 68.94 Acres of Land*, 918 F.2d 389, 397 (3d Cir. 1990), that "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373.

*Id*.

### III.  Analysis.

We now apply the stated *Poulis* factors to our case.

This Court has afforded Plaintiff every opportunity during the past eight (8) months (*i.e.,* since November 2005) to obtain new counsel, and he has, personally, repeatedly failed to do so. Further, Plaintiff has been given ample time to respond to Defendants' March 1, 2006 Motion to Dismiss. (Docs. 29 and 32). Plaintiff, through his stated personal conduct, has now demonstrated a desire to no longer prosecute his case. As in *Smith*, our Plaintiff is personally responsible for his failures to participate in the Court-ordered conferences, and for his failure to abide by the Court's Orders.

As stated, we have found that Plaintiff's conduct has prejudiced Defendants. Defendants have been prevented from preparing their defense, and the long delay in the advancement of this case, as well as the conferences held by the Court, have needlessly cost Defendants both time and money. Defendants' counsel participated in all conferences and was available for the conferences in which Plaintiff chose not to participate. Defendants, in their Motion to Dismiss, also state how they have been severely prejudiced by Plaintiff's conduct in failing to prosecute his case, since they have been prevented form conducting meaningful discovery such as taking Plaintiff's deposition. (Doc. 27, p. 3).

Plaintiff's stated conduct has shown that he has repeatedly failed to participate in the Court-ordered conferences and that he has been dilatory in failing to respond to Defendants' Motion to Dismiss.

Based on Plaintiff's stated personal conduct, we find that it has been willful. As the *Smith* Court stated, "[c]onsistent failure to comply with a court's pre-trial orders despite repeated warnings about the consequences of noncompliance is sufficient evidence of 'flagrant bad faith' to warrant dismissal." *Id*. at * 6 (citation omitted).

As in *Smith*, we find that dismissal of this case is the proper sanction at this time. This Court has attempted other sanctions, such as warnings to the Plaintiff and allowing this case to sit on its docket with virtually no activity. These sanctions have proven to be ineffective, as Plaintiff has recently ignored the Court's directives. We find that imposing a monetary sanction against Plaintiff would be pointless in light of his disability and his caring for his three (3)

children. (*See* Doc. 30). We agree with Defendants that at this point, only the sanction of dismissal is appropriate. (Doc. 27, p. 4).

Finally, we consider whether Plaintiff has a meritorious claim. Plaintiff has indicated that he believes his case to be "legitimate." (Doc. 30). Plaintiff's Complaint assert four (4) counts, and alleges strict liability, negligence and breach of warranties against Defendants as a result of injuries Plaintiff sustained when he was involved in an accident on a ladder manufactured and sold by Defendants.

Based on the face of the Plaintiff's pleading and Defendants' Answer, it is not clear if Plaintiff's injuries were caused by defects in the ladder or his own actions in climbing the ladder. Further, based on Plaintiff's stated dilatory conduct, Defendants have been prevented from trying to discover the cause of the accident in question. Defendants have also been prevented from supporting their defenses at trial based on Plaintiff's inaction in this case. Indeed, as affirmative defenses in their Answer, Defendants have asserted, in part, contributory negligence of Plaintiff, the Pennsylvania Comparative Negligence Act, and assumption of risk. (Doc. 5). It is also unclear if the ladder was misused or if it was in any way modified prior to the accident at issue. Again, Defendants have not been able to pursue these defenses based on Plaintiff's dilatory conduct.

In any event, based only on the pleadings, Plaintiff's claims may have merit. Thus, we find that the final *Poulis* factor weighs in Plaintiff's favor.

However, based on all of the *Poulis* factors, we agree with Defendants, and we find that dismissal with prejudice of this action is warranted under the circumstances described

herein.  We have given Plaintiff every possible opportunity to pursue his case, and we find that no further opportunity should be afforded, even though Plaintiff is *pro se*.  Additionally, while Plaintiff may have a claim with merit, the remainder of the *Poulis* factors weigh heavily towards dismissal of this case.  *See Smith*, at * 9, n. 10.

Moreover, the time in which Plaintiff was to have filed his opposition brief has long expired.  The Plaintiff has neither filed his opposition brief nor requested an extension of time in which to do so.  Thus, we deem Plaintiff as not opposing the stated Motion of the Defendants (Doc. 27) pursuant to Local Rule 7.6 (M.D. Pa.).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Plaintiff has failed to both prosecute the action and to comply with an order of the court by his failure to file his opposition brief as directed.  Therefore, Plaintiff's Complaint shall be dismissed on the basis of Plaintiff's failure to timely file his brief in opposition to the outstanding Motion to Dismiss (Doc. 27), as well as for Plaintiff's failure to comply with the Orders of the Court and for his failure to prosecute his action.

An appropriate Order follows.


                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: August 8, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BOWER, | : | CIVIL ACTION NO. **3:CV-04-1256** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| LOUISVILLE LADDER GROUP, INC., et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 8th day of **August, 2006**, based on Plaintiff's personal conduct in failing to participate in Court-ordered conferences, based on Plaintiff's failure to timely file his brief in opposition to the outstanding Motion to Dismiss of Defendants (Doc. 27), based on Plaintiff's failure to comply with the Orders of the Court and based on Plaintiff's failure to prosecute his action, and upon considering the *Poulis* factors, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED, with prejudice,** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  August 8, 2006**